UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

AMENDED
DECISION AND ORDER
05-CR-265A

v.

CHARLES E. HAWKINS, JR.,

Defendant.

## BACKGROUND

On January 31, 2006, a criminal complaint was filed against the

defendant, Charles E. Hawkins, Jr., alleging that he violated 18 U.S.C. § 2423(b)

when he traveled in interstate commerce for the purpose of engaging in sexual

conduct with a person under 18 years of age.  Specifically, the complaint alleged

that on or about October 13, 2004, federal authorities learned that the defendant

was communicating via internet and telephone with a 13-year old girl.  Upon the

child's consent, federal authorities assumed her online identity and received

numerous internet messages from the defendant.  In one online conversation on

October 15th, the defendant advised the minor that he was planning to travel to

the Buffalo area to meet her.  He indicated that he planned to reserve a motel

room near the Walden Galleria Mall in Cheektowaga, New York, where he and

the minor could spend the night and "love each other."  Arrangements were made

1

for the defendant to meet the minor in a Burger King Restaurant in Cheektowaga, New York, on October 16th.  While en route from Montana to the intended meeting place, the defendant sent the minor several messages using a mobile device capable of sending text messages.  The defendant arrived at the intended meeting place on the date specified, at which point he was arrested by authorities.  Further investigation revealed that the defendant had reserved a motel room in his name at a local "Microtel."

On September 28, 2005, the defendant appeared before this Court, waived indictment, and indicated his intent to plead guilty to a one-count Information charging him with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b).  The defendant executed a written plea agreement, pursuant to which he admitted that on or about October 15th and 16th of 2004, he traveled from Montana to New York, crossing several state lines, for the purpose of engaging in a "sexual act"[1] with a 13-year old girl.  The defendant expressed his desire to enter a conditional plea under Fed. R. Evid. 11(a)(2), pursuant to which he reserved his right to move for dismissal of the Information on the ground that the statute at issue is "unconstitutional under the Commerce Clause of the United States Constitution."  See Plea Agreement, Dkt. No. 20, at ¶ 23.  The plea

---

[1]  The plea agreement incorporated the definition of "sexual act" set forth in 18 U.S.C. § 2246(2).

agreement was signed and filed, but the Court deferred engaging in the Rule 11

plea colloquy pending resolution of the motion to dismiss.

On December 13, 2005, the defendant filed a motion to dismiss the

Information.  On January 18, 2006, the government filed a response, and on

January 24, 2006 the defendant filed a reply.  Oral argument was heard on

February 1, 2006.  For the reasons stated, the motion is denied.


## DISCUSSION

The defendant seeks dismissal of the Information on the ground that

18 U.S.C. § 2423(b) is unconstitutional.  Section 2423(b) provides:

> A person who travels in interstate commerce or travels
> into the United States, or a United States citizen or an
> alien admitted for permanent residence in the United
> States who travels in foreign commerce, for the purpose
> of engaging in any illicit sexual conduct[2] with another
> person shall be fined under this title or imprisoned not
> more than 30 years, or both.

Section 2423 was enacted pursuant to Congressional authority

under the Commerce Clause of the United States Constitution, which  expressly

grants Congress the authority "[t]o regulate Commerce with foreign Nations, and

among the several States and with the Indian Tribes."  U.S. Const. Art. I, § 8, cl.

---

[2]    "Illicit sexual conduct" is defined as a "sexual act" (as defined in 18 U.S.C.
§ 2246) with a person under 18 years of age.  See 18 U.S.C. § 2423(f).

3

3.  The defendant argues that Congress exceeded its authority under the

Commerce Clause when it enacted § 2423(b).

The Supreme Court recently had occasion to discuss the scope of

Congress' authority under the Commerce Clause.  In <u>United States v. Lopez</u>, 514

U.S. 549 (1995), the Court identified three broad categories of activity that

Congress has authority to regulate under its commerce power:

> First, Congress may regulate the use of the channels of
> interstate commerce.  Second, Congress is empowered
> to regulate and protect the instrumentalities of interstate
> commerce, or persons or things in interstate commerce,
> even though the threat may come only from intrastate
> activities.  Finally, Congress' commerce authority
> includes the power to regulate those activities having a
> substantial relation to interstate commerce.

<u>Lopez</u>, 514 U.S. at 558-59 (citations omitted).  In <u>Lopez</u>, the Supreme Court held

that the Gun-Free School Zones Act, 18 U.S.C. § 922(g)(q)(1)(A), which made it

a crime to knowingly possess a firearm in a school zone, exceeded Congress'

authority under the Commerce Clause because possession of a gun was not

economic activity that substantially affected interstate commerce.  The <u>Lopez</u>

decision concerned only the third category of commerce authority, <u>i.e.</u> the

authority to regulate activities that "affect" or "substantially affect" interstate

commerce.  <u>Id.</u> at 559.  The Court identified four factors that were pertinent to the

issue of whether an activity "affects" or "substantially affects" interstate

commerce.  Upon consideration of those factors, the Court concluded that

because possession of a gun was in no sense "economic" activity, and the statute lacked any jurisdictional element that would ensure through a case-by-case inquiry that the activity had the requisite nexus with interstate commerce, Congress' exceeded its commerce power when it enacted the statute.

In <u>United States v. Morrison</u>, 529 U.S. 598 (2000), the Court again addressed the scope of Congressional authority under the Commerce Clause.  In that case, the Court held that Congress exceeded its authority when it enacted a civil remedy provision to the Violence Against Women Act, which provided a federal civil remedy for victims of gender-motivated violence.  As with <u>Lopez</u>, the statute at issue in <u>Morrison</u> was enacted pursuant to Congress' authority under the third category of commerce powers.  <u>Morrison</u>, 529 U.S. at 609-10.  The Court found that because the activity in question (gender-motivated violence) was not economic in nature and because the statute contained no jurisdictional element to ensure that the activity was sufficiently tied to interstate commerce, the activity did not substantially affect interstate commerce.  <u>Id.</u> at 613-14.

Citing <u>Lopez</u> and <u>Morrison</u>, the defendant argues that § 2423(b) is unconstitutional because there is no requirement that the activity at issue "affect the channels of interstate commerce."  <u>See</u> Dkt. 32, Def. Reply Br., at 3. Defendant's argument confuses two distinct categories of Congress' commerce power:  the power to regulate the use of the channels of interstate commerce (first category), and the power to regulate activities that "affect" or "substantially

affect" interstate commerce (third category).  At issue in <u>Lopez</u> and <u>Morrison</u> was Congress' authority to regulate purely *intrastate* activities that nonetheless affect interstate commerce.  In contrast, the statute at issue in this case, 18 U.S.C. § 2423(b), was enacted solely pursuant to Congress' authority to regulate "'the use of the interstate transportation routes through which persons and goods move.'" <u>See</u> <u>Morrison</u>, 529 U.S. at 613, n. 5 (quoting <u>United States v. Lankford</u>, 196 F.3d 563, 571-72 (5th Cir. 1999)).  Congressional authority to regulate the use of the channels of interstate commerce is plenary, <u>see</u> <u>United States v. Page</u>, 167 F.3d 325, 334-35 (6th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1003, and the Supreme Court has long held that travel across state lines is a form of interstate commerce *regardless of whether any commercial activity is involved.*  <u>See</u> <u>Camps Newfound/ Owatonna, Inc. v. Town of Harrison</u>, 520 U.S. 564, 573 (1997) ("[T]he transportation of persons across state lines . . . has long been recognized as a form of 'commerce'"); <u>Heart of Atlanta Motel, Inc. v. United States</u>, 379 U.S. 241, 255-56 (1964)(stating that the transportation of persons across state lines is commerce without regard to "whether the transportation is commercial in character"); <u>Edwards v. California</u>, 314 U.S. 160, 172 (1941) ("[I]t is settled beyond question that the transportation of persons is 'commerce' within the meaning of [the Commerce Clause].").

In <u>Caminetti v. United States</u>, 242 U.S. 470 (1917), the defendant, who was convicted of violating the White Slave Traffic Act by transporting a

6

woman across state lines for the purpose of making the woman his mistress,

argued that Congress lacked authority to regulate his activity because his

purpose in traveling across state lines had nothing to do with commerce.  The

Supreme Court rejected this argument, stating:

> The transportation of passengers in interstate
> commerce, it has long been settled, is within the
> regulatory power of Congress, under the commerce
> clause of the Constitution, and the authority of Congress
> to keep the channels of interstate commerce free from
> immoral and injurious uses has been frequently
> sustained, and is no longer open to question.

Id. at 491.  Quoting Hoke v. United States, 227 U.S. 308 (1913), the Court further

explained:

> The principle established by [earlier Supreme Court]
> cases is the simple one, when rid of confusing and
> distracting considerations, that Congress has power
> over transportation 'among the several states;' that the
> power is complete in itself, and that Congress, as an
> incident to it, may adopt not only means necessary but
> convenient to its exercise, and the means may have the
> quality of police regulations.

Id. at 492 (internal quotations omitted).  Simply put, "crossing state lines, without

more, is interstate commerce."  See United States v. Wright, 128 F.3d 1274,

1275 (8th Cir. 1997), cert. denied, 523 U.S. 1053 (1998).  Therefore, the fact that

the defendant's activity in this case was not economic or commercial in nature is

of no consequence.

7

What is significant, however, is the fact that § 2423(b) contains an express jurisdictional requirement that the defendant traveled in interstate commerce.  The defendant argues that the statute can be violated "even if the person does not cross state lines."  <u>See</u> Defendant's Memorandum, Dkt. No. 28, at 11.  The Court need not reach the hypothetical issue of whether the statute can be violated where a person travels on an interstate highway with the requisite intent, but does not cross state lines.  In this case, it is undisputed that the defendant *did in fact* cross several state lines when he traveled from Montana to New York, and that he did so for the purpose of engaging in illicit sexual conduct with a minor.

The defendant argues that the statute is unconstitutional because it punishes travel in interstate commerce merely with the intent to commit the illegal act, as opposed to committing the act itself.  The argument that § 2423(b) punishes "mere thought" was rejected by the Second Circuit in <u>United States v. Han</u>, 230 F.3d 560 (2d Cir. 2000).  The pertinent facts in this case are virtually indistinguishable from <u>Han</u>.  As in this case, the defendant in <u>Han</u> drove from his home across state lines for the purpose of engaging in sexual relations with a minor child.  The defendant was arrested upon arriving at designated meeting place, on the specified date.  Rejecting defendant Han's argument that the statute criminalizes only "mere thought", the Second Circuit stated:

> The statute, as applied to Han, does not criminalize "mere thought." Han engaged in acts beyond mere thinking, evidenced by his telephonic communications in which he developed a plan and articulated a purpose to cross interstate lines to engage in sexual acts with a thirteen-year-old. Han clearly formulated this plan before he crossed the state border and manifested the prohibited intent by doing so and by going to the arranged meeting spot. Han's "mere thought" argument relies on the premise that he did not take steps sufficient to elevate his thoughts to an intention to commit the charged sexual acts with an underaged female. His crossing state lines, viewed in context with all the evidence, definitively establishes the contrary. Accordingly, as Han formed the intent prohibited by § 2423(b) and took sufficient steps to bring that intent to fruition, including the crossing of state lines, § 2423(b) was constitutionally applied to Han. It is unnecessary to decide here, and thus it is not held, that a mere thought of engaging in a sexual act with a person under 18 years of age, where coupled with crossing a state line, constitutes a prohibited act and thus a violation of § 2423(b).  Nor is it held that, if thus construed, § 2423(b) would pass constitutional muster.

Id. at 563.

In this case, defendant Hawkins also took "sufficient steps" to bring his criminal intent to fruition, beyond mere thought.  He formed his intent to engage in sexual conduct with the minor before engaging in any travel.  He communicated with her over the telephone and via internet, discussed his plan to meet, reserved a motel room where he and the minor would spend the night, traveled across several state lines with the requisite intent, and arrived at the

designated location on the designated date.  As in <u>Han</u>, Hawkin's criminal conduct exceeded "mere thought."

Other courts have also rejected arguments that § 2423(b) punishes "mere thought", noting that the statute requires the existence of two distinct elements – (1) interstate travel, and (2) the intent to engage in prohibited sexual conduct with a minor.  <u>See</u> <u>United States v. Bredimus</u>, 352 F.3d 200 (5th Cir. 2003); <u>United States v. Gamache</u>, 156 F.3d 1 (1st Cir. 1998).  The undisputed facts establish that both of these elements are met.  Therefore, § 2423(b) was constitutionally applied to defendant Hawkins.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss the Information is denied, as the statute was within Congress' authority under the Commerce Clause and was constitutionally applied to the facts of this case.[3] The parties shall appear for a status conference at 9:00 a.m. on Tuesday, March 7, 2006.

---

[3]   The defendant also argues in his motion that the statute violates his rights under the First and Fifth Amendments.  However, he did not preserve his right to make those arguments in his plea agreement and therefore the Court will not consider them.

10

IT IS SO ORDERED.

_____ /s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: March 3, 2006